UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KING JOSHUA,

        Plaintiff,

   -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY POLICE DEPARTMENT, LANDA FABIAN, ALICE RING, JUAN VERA-CAROFILIS, SLAWOMIR WDOWIAK, GREGORY EPPINGER, JOHN DOE,

        Defendants.
------------------------------------------------------------------x

**PROTECTIVE ORDER**

19-cv-06847
(PGG) (DF)

  **WHEREAS,** the parties to this Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

  **WHEREAS,** the parties in this action will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

  **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected; and

  **WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT:**

  1. As used herein, "Action" shall mean the Amended Complaint filed by plaintiff Joshua against The Port Authority of New York and New Jersey, Port Authority Police Department, Landa Fabian, Alice Ring, Juan Vera-Carofilis, Slawomir Wdowiak, Gregory Eppinger, John Doe (Docket No. 19 CV 06847) (PGG (DF)).

2. "Confidential Materials" shall mean (a) Port Authority Public Safety Department ("PAPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the PAPD conducted by the PAPD, the Civilian Complaint Review Board, or other agencies, (b) plaintiff's medical records, and (c) PAPD training materials and general orders concerning PAPD policies, and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident out of which this litigation arises, and any investigations concerning same, not otherwise privileged, and/or information obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available. The names and contact information of any non-party witnesses may be designated as confidential, however.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained herein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party", as defined herein, for that document or information.

4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.  Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party shall produce each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not be use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. A Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party and/or their attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced.

d.  Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

e.  Others by consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

6. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel

receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, they shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Protective Order shall be contained to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such a FOIL request.

10. The Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this

order, including all copies and non-confirming copies thereof, shall not be used by the Receiving Party for any purpose without prior to Court approval.

11. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

_____  
King Joshua  
*Plaintiff Pro Se*  
390 9th Avenue  
Suite 200  
New York, New York  

_____  
Atara Miller  
Hannah Cho  
Emily Scarisbrick  
MILBANK LLP  
55 Hudson Yards  
New York, NY 10001-2163  
Tel: (212) 530-5000  
Fax: (212) 822-5442  

_____  
David Macrou  
MILBANK LLP  
1850 K Street, NW, Suite 1100  
Washington, D.C. 20006  
Tel: (202) 835-7516  

Pro Bono Attorneys for *Pro Se* Plaintiff

_____  
Cheryl N. Alterman  
*Attorney for Defendants*  
Port Authority Law Department  
4 World Trade Center, 24th Floor  
150 Greenwich Street  
New York, New York 10007  

SO ORDERED:  1/21/2021

By: _____  
Judge Debra ~~C~~. Freeman

DEBRA FREEMAN, U.S. Magistrate Judge

-5-

EXHIBIT A

The undersigned hereby acknowledges that they have read the Protective Order issued in this action entitled *King Joshua v. The Port Authority Of New York & New Jersey, Port Authority Police Department, Landa Fabian, Alice Ring, Juan Vera-Carofilis, Slawomir Wdowiak, Gregory Eppinger, John Doe*, 19 CV 06847 (PGG) (DF), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Protective Order and will not further disclose the Confidential Materials except in testimony taken in this case.

_____         _____
Date                                                             Signature


                                                                 _____
                                                                 Print Name